Ruffin, C. J.
 

 The Judgment in this case, must, we think, be affirmed. It is too late to question the general proposition first stated by his Honor, that it is fraudulent to take from one partner, for the separate debt of that partner, a security of the firm, unless there be evidence of an author* ity from the other partners to give the security, or that the creditor had reasonable and probable cause, from the course of dealing of the parties or the like, to believe that such authority had been given. To that extent the majority of the court thought themselves bound to go in
 
 Cotton v Evans,
 
 1
 
 Dev. &
 
 Bat. Eq. 284; and, even in that, one of the court thought we were going too far, and that, however honest the intention of the creditor might be, he could not enforce the security of the firm, without establishing a previous express authority, or a subsequent assent of the other partners. A broader doctrine, then, than was held in
 
 Cotton
 
 v
 
 Evans
 
 in favor of. the creditor cannot be admitted; and, without doing so, the judgment in favor of the defendants cannot be disturbed; for the case states there was
 
 no
 
 evidence of an assent by McDowell, but the testimony of the witness Spann and the jury were told, if they believed him, to find for the plaintiff.
 

 , Whether this last position as to the effect of, Spann’s testimony be correct or not, we do not stop to consider, inasmuch as it was in favor of the plaintiff, who is the appellant, and, therefore, is not open to re-examination. As the jury did not believe the witness, the plaintiff’s case was without evidence, and the verdict was properly rendered; unless the
 
 *253
 
 judge erred in his subseqitent observations to the jury upon the effect they should give to the evidence offered, and the1 circumstances relied on, for the purpose of discrediting the witness. We are not, sure that we entirely apprehend the meaning of his Honor, as the statement in the record is not expressed with his usual perspicuity. But as understood by us, we agree to the directions. It is to be recollected, that it is before stated, that there was no evidence to charge McDowell but that of Spann; and that many witnesses had been called to impeach and sustain his credibility, and various other circumstances, arising out of the trial, were also relied on by counsel in the argument, and that all these things were left to the jury to be weighed by them, as their exclusive province. Thereupon the judge told them that if they believed Spann, they should find for the plaintiff; but, if they disbelieved him, then, of course, they should find for McDowell. There was, however, a third case, which might happen, namely, that after weighing the evidence for and against Spann’s credit, the jury might not be able to determine, in their own minds, which preponderated, or to say whether or not he was entitled to credit; and, in that event, the judge delivered his opinion to the jury, that, so far as concerned Spann’s testimony, they should find for the defendant, if their minds were in a state of equilibrium, so that they could not tell how the matter was, that is to say, whether that witness was to be believed or not. We imagine that the case supposed will seldom occur, and that juries are not often so absolutely undetermined upon the credibility of a witness, as not to be able to say one way or the other. But if such occurrence should happen, we are not prepared to say that the rule laid down by his Honor is wrong, but we rather concur in it. For if' the point, to which a witness is called, be essential to the party, it behooves him to establish it by a witness whom the jury do believe; otherwise he does not establish it at all. Consequently, if the jury be left in a state of reasonable and real doubt and uncertainty as to the credibility of the witness, they cannot, with safety, found a verdict on his testimony, but must give the verdict they would, if his testimony was struck out.
 

 Per Curiam, • Judgment affirmed.